IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,    )<br>)<br>)   **CIVIL ACTION NO. 2:15-cv-01251-CRE**<br>Plaintiff,   )<br>)<br>CRYSTAL COLE and FETEMA   )<br>JOHNSON,   )<br>)<br>Plaintiff-Intervenors,   )<br>)<br>vs.   )   **JURY TRIAL DEMANDED**<br>)<br>LABOR READY MID-ATLANTIC, INC.,)<br>)<br>Defendant.   )   **ELECTRONICALLY FILED** | |

## COMPLAINT IN INTERVENTION

## NATURE OF THE ACTION

Crystal Cole and Fetema Johnson file this Complaint In Intervention pursuant to Federal Rule of Civil Procedure 24 and 42 U.S.C. § 2000e-5(f)(1) and joins with Plaintiff, Equal Employment Opportunity Commission (Commission) in seeking legal and equitable relief in this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, for being subjected to unlawful employment practices on the basis of sex (female) and race (black).  As alleged with greater particularity in Paragraphs 17(a) through (q) below, Cole and Johnson allege that they were subjected to a sexually and racially hostile work environment perpetuated by co-workers at a job site to which Cole and Johnson were assigned.  After they complained to Defendant about the intolerable working conditions and the failure of a manager to take prompt, reasonable corrective action in response to their complaints, Cole and Johnson were discharged in retaliation for that protected opposition.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, 1345 and 1367. The federal claims in this civil action are authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, codified at 42 U.S.C. § 1981a; this Court possesses supplemental jurisdiction over the state law claims which are so related that they form a part of the same case or controversy at issue in the federal claims pursuant to 28 U.S.C. § 1367(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Crystal Cole is an adult individual with a residential and mailing address of 111 Lynnwood Avenue Belle Vernon, Pennsylvania 15012.

5. Fetema Johnson is an adult individual with a mailing address of P.O. Box 169 Ellsworth, Pennsylvania 15331 and a residential address of 24 Junction A Street, Ellsworth, Pennsylvania 15331.

6. Cole and Johnson, being persons aggrieved by the actions complained of herein are entitled to intervene in this civil action according to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

7. At all relevant times Labor Ready Mid-Atlantic, Inc. ("Defendant"), a Washington corporation, has continuously been doing business in the State of Pennsylvania and the City of Washington, and has continuously had at least 15

employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Alternatively, at all relevant times Defendant has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

9. At all relevant times Defendant has continuously been an employer within the meaning of 43 P.S. § 954(b). Alternatively, at all relevant times Defendant has continuously been an employment agency within the meaning of 43 P.S. §954(e).

## STATEMENT OF CLAIMS

### COUNT I
### VIOLATION OF TITLE VII
### Crystal Cole and Fetema Johnson vs. Labor Ready Mid-Atlantic, Inc.

10. Cole and Johnson incorporate by reference the allegations in Paragraphs 1 through 9, as if fully restated and set forth herein.

11. More than 30 days prior to the institution of this lawsuit, Charging Parties, Cole and Johnson filed charges with the Commission alleging violations of Title VII by Defendant.

12. On February 24, 2015, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

14. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15. On June 17, 2015, the Commission issued to Defendant Notices of Failure of Conciliation.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

17. Since at least July 2013, Defendant has engaged in unlawful employment practices at its Washington, Pennsylvania branch office, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a), or alternatively, Section 703(b) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(b) and § 2000e-3(a). These unlawful practices include, but are not limited to, the following:

(a) Defendant has engaged in sex and race discrimination against its employees Cole and Johnson at its Washington, Pennsylvania branch office by condoning and failing to take corrective action in response to unwelcome and offensive harassment that was directed at them because of their sex (female) as well as Johnson's race (black). Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of sex (female) and race (black);

(b) On or about July 16, 2013, Defendant assigned Cole and Johnson to work at a job site in Metz, West Virginia pursuant to an arrangement with Defendant's client, Panhandle Cleaning and Restoration. Present at the job site were several male co-workers, including an employee named "Mike" and another employee named "Mikey". All of the details set forth below in Paragraph 17(c) - (g) occurred at the Metz job site.

(c) On or about July 16, 2013, Mikey grabbed Cole from behind while they were both working on a roof and groped her breasts.

(d) On or about July 16, 2013, Mike stated to his co-workers that Cole and Johnson, who were in a relationship with one another at the time, needed to be "bent over" and "given to them the right way," stating that this would "make them straight."

(e) On or about July 16, 2013, Mike stated to Johnson, who is biracial, "[i]t's a shame you're black. What a waste."

(f)   On or about July 16, 2013, Mike was playing music at the worksite that had lyrics which included the word "nigger."  Johnson asked that it be turned down, and instead, Mike turned it up and continued to play the offensive music.

(g)   On or about July 16, 2013, Mike and Mikey attempted to physically intimidate Cole and Johnson by throwing down large roof tiles at them while they were working on the ground, attempting to strike them.

(h)   On or about July 16, 2013, Cole and Johnson complained to Labor Ready's branch office in Washington about the hostile environment.  Cole relayed the details of the harassment, as set forth, to Labor Ready employee Kathy Weaver as well as Barbara Bushick, Defendant's branch manager assigned to the Washington office.

(i)   On or about July 16, 2013, Cole and Johnson also complained about the harassment to Panhandle Restoration, via an in-person meeting with Panhandle's owner, Robert Contraguerro, in Wheeling, West Virginia.

(j)   When they returned to Washington from Wheeling, Cole and Johnson went to Defendant's Washington branch office to provide a written statement of the harassment, but no one was present.

(k)   The following morning, July 17, 2013, Cole and Johnson went to Defendant's Washington branch office to provide written statements detailing the harassment.  Bushick told them she did not have time to meet with them to take their statements.

(l)   From approximately July 18, 2013 - early September 2013, Cole and Johnson appeared at the Labor Ready branch office in Washington and requested to meet with Bushick so that they could provide written statements of the harassment to which they were subjected on July 16, 2013, but Bushick repeatedly rebuffed their requests to provide written statements.

(m)   Sometime in early September 2013, Cole telephoned Defendant's corporate hotline and reported the verbal harassment, groping, and menacing behavior to which she and Johnson had been subjected at the

|     | |
| --- | --- |
|     | Panhandle worksite on July 16, 2013, and further reported Bushick's refusal to assist Cole and Johnson in making formal complaints. |
| (n) | Sometime in late September, approximately 3 weeks later, Cole had not heard anything from either Bushick or Defendant's corporate office, so she again visited Bushick at the Washington branch office.  Once again, Bushick ignored Cole's request to make a written complaint, turning her back when Cole asked for help. |
| (o) | At the end of September 2013, Cole again called Defendant's corporate hotline, reporting that no one had followed up with her prior hotline call, and that Bushick continued to refuse to meet with her to discuss the harassment and so she could make a formal written complaint.  Defendant subsequently informed Bushick of Cole's complaint to corporate about the harassment and Bushick's inaction.  At no time did Defendant take prompt, reasonable corrective action in response to Cole and Johnson's sex and race harassment complaints. |
| (p) | In mid October 2013, Cole and Johnson arrived at Labor Ready's Washington branch office to get instructions for a full-day job assignment that they had been offered and accepted.  Bushick informed Cole and Johnson that she had removed them from the assignment they had been promised, and that they could have a less desirable, half-day job, which they did not accept.  Upon being asked why they had been removed from the previous assignment to which they had been promised, Bushick stated that they "didn't have to call corporate," and that there "was no need for that," referring to Cole's phone calls to the corporate hotline. |
| (q) | That same evening, in mid October 2013, Defendant, acting through Bushick, terminated Cole's and Johnson's employment in retaliation for their protected opposition, i.e., their complaints of sex and race harassment and complaints about Bushick's unlawful failure to take prompt, reasonable corrective action in response to their harassment complaints. |

18. The effect of the practice(s) complained of in Paragraph(s) 17(a) through (q) above has been to deprive Cole and Johnson of equal employment opportunities and

6

otherwise adversely affect their status as employees because of their sex (female) and Johnson's race (black).

19. The unlawful employment practices complained of in Paragraphs 17(a) through (q) above were intentional.

20. The unlawful employment practices complained of in Paragraphs 17(a) through (q) above were done with malice or with reckless indifference to the federally protected rights of Cole and Johnson.

## PRAYER FOR RELIEF

Wherefore, Cole and Johnson respectfully request that this Court:

A. Conduct a jury trial on this Count and all questions of fact raised by this Complaint.

B. Order Defendant to make whole Cole and Johnson by providing appropriate backpay and compensation for lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 17(a) through (q) above, including but not limited to reinstatement or front pay in lieu of reinstatement.

C. Order Defendant to make whole Cole and Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 17(a) through (q) above, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Cole and Johnson, which were incurred as a result of Defendant's conduct, in amounts to be determined at trial.

D. Order Defendant to make whole Cole and Johnson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 17(a) through (q) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Order Defendant to pay Cole and Johnson punitive damages for its malicious and reckless conduct described in Paragraphs 17(a) through (q) above, in amounts to be determined at trial.

F.   Order Defendant to pay Cole and Johnson reasonable attorney's fees, expert fees, costs and interest as permitted under Title VII as amended.

G.   Grant such further relief as the Court deems necessary and proper.

## COUNT II
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §§ 951-963)
## Crystal Cole and Fetema Johnson vs. Labor Ready Mid-Atlantic, Inc.

21.   Cole and Johnson incorporate by reference the allegations in Paragraphs 1 through 20, as if fully restated and set forth herein.

22.   Defendant intentionally engaged in unlawful employment practices described above in violation of the Pennsylvania Human Relations Act (PHRA) at 43 P.S. § 955(a), (d) and (e) because of Cole and Johnson's sex (female) and Johnson's race (black) and their opposition to Defendant's practices that are forbidden by the PHRA and making complaints regarding those practices.

23.   As a direct result of Defendant's violations of the PHRA, Cole and Johnson have lost wages and other economic benefits of their employment with Labor Ready, in addition to suffering extreme emotional distress, depression, inconvenience, loss of enjoyment of life and humiliation.

24.   Cole and Johnson possess a right of action under the PHRA to commence this claim in a court of law pursuant to 43 P.S. § 962(c) as one year has expired since the cross-filing of their charges with the Commission and the Pennsylvania Human Relations Commission (PHRC) and the PHRC has issued letters of notice to Cole and Johnson dated October 2, 2015 notifying them of such right.

**PRAYER FOR RELIEF**

Wherefore, Cole and Johnson respectfully request that this Court:

A. Conduct a trial on this Count and all questions of fact raised by this Complaint;

B. Enter judgment declaring Labor Ready's action to be unlawful and in violation of the PHRA;

C. Compensate Cole and Johnson for the full value of wages they would have received had it not been for Labor Ready's illegal treatment of Cole and Johnson, with interest from the date of the discrimination, in addition to reimbursement for any matching contributions for retirement benefits, if any, profit-sharing and/or pension benefits, social security, experience, training opportunities, health care benefits, including but not limited to COBRA expenses and any increased expense or costs incurred from maintaining health care benefits and any other benefits if applicable;

D. Award Cole and Johnson compensatory damages including but not limited to back pay and front pay, and any job search-related expenses and debt-related expenses as a result of Labor Ready's violations of the PHRA;

E. Award Cole and Johnson damages for emotional distress as a result of Labor Ready's intentional violations of the PHRA.

F. Enjoin Labor Ready from discriminating against Cole and Johnson in any manner that violates the PHRA;

G. Award both Cole and Johnson costs and expenses of this litigation and reasonable attorney's fees against Labor Ready; and

H. Grant Cole and Johnson additional relief as may be just and proper.

                                                Respectfully submitted,

                                                JULIAN LAW FIRM

Date:_____10/29/2015_____       /s/ John E. Egers, Jr.,_____
                                                  JOHN E. EGERS, JR., ESQUIRE
**JURY TRIAL DEMANDED**              PA I.D. #89172

                                                71 North Main Street
                                                Washington, PA  15301
                                                Telephone: (724) 228-1860
                                                Facsimile:  (724) 225-9643
                                                johnegers@aol.com

                                                *Counsel for Intervenor-Plaintiffs*
                                                *Crystal Cole and Fetema Johnson*