## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) CIVIL ACTION NO. 2:15-cv-01251-CRE |
| Plaintiff, | ) ) |
| CRYSTAL COLE and FETEMA JOHNSON, | ) ) ) AMENDED COMPLAINT |
| Plaintiff-Intervenors, | ) ) |
| vs. | ) ) JURY TRIAL DEMANDED |
| LABOR READY NORTHEAST, INC., | ) ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and race (black) and to provide appropriate relief to Charging Parties Crystal Cole and Fetema Johnson who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12(a) through (q) below, the U.S. Equal Employment Opportunity Commission (EEOC) alleges that Defendant subjected Cole and Johnson to a sexually and racially hostile work environment perpetuated by co-workers at a job site to which Cole and Johnson were assigned. After they complained to Defendant about the intolerable working conditions and the failure of a manager to take prompt, reasonable corrective action in response to their complaints, Cole and Johnson were discharged in retaliation for that protected opposition.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times Labor Ready Northeast, Inc. ("Defendant"), a Washington corporation, has continuously been doing business in the State of Pennsylvania and the City of Washington, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Alternatively, at all relevant times Defendant has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Charging Parties Cole and Johnson filed charges with the Commission alleging violations of Title VII by Defendant.

7. On February 24, 2015, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 17, 2015, the Commission issued to Defendant Notices of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least October 2013, Defendant has engaged in unlawful employment practices at its Washington, Pennsylvania branch office, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §2000e-3(a), or alternatively, Section 703(b) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(b) and §2000e-3(a). These unlawful practices include, but are not limited to, the following:

    (a) Defendant has engaged in sex and race discrimination against its employees Cole and Johnson at its Washington, Pennsylvania branch office by condoning and failing to take corrective action in response to unwelcome and offensive harassment that was directed at them because of their sex (female) as well as Johnson's race (black). Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of sex (female) and

3

race (black);

(b) On or about July 16, 2013, Defendant assigned Cole and Johnson to work at a job site in Metz, West Virginia pursuant to an arrangement with Defendant's client, Panhandle Cleaning and Restoration. Present at the job site were several male co-workers, including an employee named "Mike" and another employee named "Mikey." All of the details set forth below in Paragraph 12(c) – (g) occurred at the Metz job site.

(c) On or about July 16, 2013, Mikey grabbed Cole from behind while they were both working on a roof and groped her breasts.

(d) On or about July 16, 2013, Mike stated to his co-workers that Cole and Johnson, who were in a relationship with one another at the time, needed to be "bent over" and "given to them the right way," stating that this would "make them straight."

(e) On or about July 16, 2013, Mike stated to Johnson, who is biracial, "[i]t's a shame you're black. What a waste."

(f) On or about July 16, 2013, Mike was playing music at the worksite that had lyrics which included the word "nigger." Johnson asked that it be turned down, and instead, Mike turned it up and continued to play the offensive music.

(g) On or about July 16, 2013, Mike and Mikey attempted to physically intimidate Cole and Johnson by throwing down large roof tiles at them while they were working on the ground, attempting to strike them.

(h) On or about July 16, 2013, Cole and Johnson complained to Labor Ready's branch office in Washington about the hostile environment. Cole relayed the details of the harassment, as set forth, to Labor Ready employee Kathy Weaver as

well as Barbara Bushick, Defendant's branch manager assigned to the Washington office.

(i) On or about July 16, 2013, Cole and Johnson also complained about the harassment to Panhandle Restoration, via an in-person meeting with Panhandle's owner, Robert Contraguerro, in Wheeling, West Virginia.

(j) When they returned to Washington from Wheeling, Cole and Johnson went to Defendant's Washington branch office to provide a written statement of the harassment, but no one was present.

(k) The following morning, July 17, 2013, Cole and Johnson returned to Defendant's Washington branch office to provide written statements detailing the harassment. Bushick told them she did not have time to meet with them and take their statements.

(l) From approximately July 18, 2013 – early September, 2013, Cole and Johnson appeared at the Labor Ready branch office in Washington and requested to meet with Bushick so that they could provide written statements of the harassment to which they were subjected on July 16, 2013, but Bushick repeatedly rebuffed their requests to provide written statements.

(m) Sometime in early September, 2013, Cole telephoned Defendant's corporate hotline and reported the verbal harassment, groping, and menacing behavior to which she and Johnson had been subjected at the Panhandle worksite on July 16, 2013, and further reported Bushick's refusal to assist Cole and Johnson in making formal complaints.

(n) Sometime in late September, approximately three weeks later, Cole had not heard anything from either Bushick or Defendant's corporate office, so she again visited Bushick at the Washington branch office. Once again, Bushick ignored Cole's request to make a written complaint, turning her back when Cole asked for help.

(o) At the end of September 2013, Cole again called Defendant's corporate hotline, reporting that no one had followed up with her prior hotline call, and that Bushick continued to refuse to meet with her to discuss the harassment and so she could make a formal written complaint. Defendant subsequently informed Bushick of Cole's complaint to corporate about the harassment and Bushick's inaction. At no time did Defendant take prompt, reasonable corrective action in response to Cole and Johnson's sex and race harassment complaints.

(p) In mid October 2013, Cole and Johnson arrived at Labor Ready's Washington branch office to get instructions for a full-day job assignment that they had been offered and accepted. Bushick informed Cole and Johnson that she had removed them from the assignment they had been promised, and that they could have a less desirable, half-day job, which they did not accept. Upon being asked why they had been removed from the previous assignment to which they had been promised, Bushick stated that they "didn't have to call corporate," and that there "was no need for that," referring to Cole's phone calls to the corporate hotline.

(q) That same evening, in mid October 2013, Defendant, acting through Bushick, terminated Cole's and Johnson's employment in retaliation for their protected opposition, i.e., their complaints of sex and race harassment and complaints about

Bushick's unlawful failure to take prompt, reasonable corrective action in response to their harassment complaints.

13. The effect of the practice(s) complained of in paragraph(s) 12(a) through (q) above has been to deprive Cole and Johnson of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female) and Johnson's race (black).

14. The unlawful employment practices complained of in paragraphs 12(a) through (q) above were intentional.

15. The unlawful employment practices complained of in paragraphs 12(a) through (q) above were done with malice or with reckless indifference to the federally protected rights of Cole and Johnson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in, or failing to take reasonable corrective action in response to, sexually or racially harassing conduct and other employment practices which discriminate on the basis of sex or race.

B. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities for women and Black persons, and which ensure that its employees are not subjected to a sexually or racially hostile work environment.

C. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging

in retaliation against persons who exercise their right to engage in conduct protected under Section 704(a) of Title VII, including but not limited to persons who report instances of sexual or racial harassment and instances of failure to take corrective action in response to reports of such harassment.

  D. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities to persons who exercise their right to engage in conduct protected under Section 704(a) of Title VII, including but not limited to persons who report instances of sexual or racial harassment and instances of failure to take corrective action in response to reports of such harassment.

  E. Order Defendant to make whole Cole and Johnson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

  F. Order Defendant to make whole Cole and Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12(a) through (q) above, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Cole and Johnson, which were incurred as a result of Defendant's conduct, in amounts to be determined at trial.

  G. Order Defendant to make whole Cole and Johnson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (q) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant to pay Cole and Johnson punitive damages for its malicious and reckless conduct described in paragraphs 12(a) through (q) above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra M. Lawrence /LHH*

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734
(410) 962-4270 (facsimile)

*Ronald L. Phillips /LHH*

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737
(410) 962-4270 (facsimile)
E-mail address: ronald.phillips@eeoc.gov

*Lisa H. Hernandez /LHH*

LISA H. HERNANDEZ
Senior Trial Attorney
PA I.D. 87634
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone number: (412) 395-5852
Facsimile number: (412) 395-5749
E-mail address: lisa.hernandez@eeoc.gov

10