# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:15-CV-01251-CRE ) |
| CRYSTAL COLE and FETEMA JOHNSON, | ) Magistrate Judge Eddy ) ) |
| Plaintiff-Intervenors, | ) ) |
| v. | ) ) |
| LABOR READY NORTHEAST, INC., | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT

Defendant, Labor Ready Northeast, Inc. ("Defendant" or "Labor Ready"), by and through its attorneys, submits the following Answer and Affirmative Defenses to the Amended Complaint filed by the EEOC in the above-captioned matter. Each paragraph of the Second Defense corresponds to the same-numbered paragraph of the Amended Complaint.

### *First Defense*

The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### *Second Defense*

As to the unnumbered paragraph under the heading "Nature of the Action," Defendant admits the EEOC purports to bring this action pursuant to the Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Defendant denies that Crystal Cole and Fetema Johnson (the "Charging Parties") were subjected to any unlawful discrimination, harassment, or

retaliation. Defendant further denies that the Charging Parties are entitled to any relief whatsoever.

1. The allegations of paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, Defendant answers paragraph 1 by stating only that it does not deny that the Court has subject matter jurisdiction.

2. Defendant answers paragraph 2 by stating only that it does not deny that venue in this district is appropriate. Defendant denies any unlawful practices occurred.

3. The allegations of paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff is charged with the administration, interpretation and enforcement of Title VII.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant denies the allegations of paragraph 7 except admits that the EEOC sent Labor Ready Mid-Atlantic, Inc. letters dated February 24, 2015. The letters, as written communications, speak for themselves.

8. Defendant denies the allegations of paragraph 8 except admits that the EEOC engaged in communications with Labor Ready Mid-Atlantic, Inc., purportedly to provide the opportunity for Defendant to remedy the alleged discriminatory practices. Defendant denies any discriminatory practices occurred.

9. Admitted.

10. Defendant denies the allegations of paragraph 10 except admits that the EEOC sent Labor Ready Mid-Atlantic, Inc. letters dated June 17, 2015. The letters, as written communications, speak for themselves.

11. The allegations of paragraph 11 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. Defendant denies that it engaged in any unlawful employment practices or conduct, including the following:

   a. Denied.

   b. Defendant admits only as much of paragraph 12b as avers that in July 2013 Charging Parties were assigned to work at a job site in West Virginia pursuant to an arrangement with Panhandle Cleaning and Restoration. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12b of the Amended Complaint and, therefore, denies same.

   c. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12c of the Amended Complaint and, therefore, denies same.

   d. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12d of the Amended Complaint and, therefore, denies same.

   e. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12e of the Amended Complaint and, therefore, denies same.

f.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12f of the Amended Complaint and, therefore, denies same.

g.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12g of the Amended Complaint and, therefore, denies same.

h.  Defendant admits only as much of Paragraph 12h as avers that in July 2013 Charging Parties verbally complained to Labor Ready's branch office in Washington, PA, by making general allegations of sexual harassment. The remaining allegations of paragraph 12h are denied.

i.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12i of the Amended Complaint and, therefore, denies same.

j.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12j of the Amended Complaint and, therefore, denies same.

k.  The allegations of paragraph 12k are denied.

l.  Defendants admit only as much of Paragraph 12l as avers that from July through September 2013, Charging Parties came to the Washington branch office several times. The remaining allegations of paragraph 12l are denied.

m.  Defendant admits only as much of Paragraph 12m as avers that in September 2013, Charging Party Cole telephoned Labor Ready's Compliance Alert hotline to report, inter alia, alleged harassment.

{J2047456.1}

n.  Defendants admit only as much of Paragraph 12n as avers that in September 2013, Charging Party Cole came to the Washington branch office. Defendant denies the remaining allegations of paragraph 12n.

o.  Defendant admits only as much of Paragraph 12o as avers that in September 2013, Charging Party Cole telephoned Labor Ready's Compliance Alert hotline, reporting, inter alia, alleged harassment.

p.  Defendant admits only as much of Paragraph 12p as avers that in October 2013, Labor Ready offered, and Charging Parties accepted, an offer to work at the jobsite of a different customer. Defendant denies the remaining allegations of paragraph 12p of the Amended Complaint.

q.  Defendant admits only as much of Paragraph 12q as avers that Labor Ready terminated Charging Parties' employment in October 2013. The remaining allegations of paragraph 12q are denied.

13. Denied.

14. Denied.

15. Denied.

Except as expressly admitted above, every allegation in the Amended Complaint is denied.

With respect to the paragraphs labeled A.-J. which appear after Paragraph 15, Defendant denies that the Charging Parties and/or the EEOC are entitled to judgment against it and denies that the Charging Parties and/or the EEOC are entitled to the relief requested or to any relief whatsoever. Defendant is not liable to the EEOC and/or the Charging Parties because Defendant

{J2047456.1}

did not discriminate against, harass, or retaliate against the Charging Parties, or otherwise violate any law with respect to Charging Parties.

### Third Defense

All claims are barred, in whole or in part, by the doctrines of laches, justification, waiver and estoppel.

### Fourth Defense

All claims are barred, in whole or in part, because there has been a failure to satisfy the statutory and/or administrative prerequisites for bringing suit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

### Fifth Defense

All claims are barred, in whole or in part, because the Charging Parties and/or the EEOC have failed to satisfy the time period for filing administrative charges and/or bringing suit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

### Sixth Defense

All claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventh Defense

Defendant did not discriminate against, harass, or retaliate against the Charging Parties on the basis of their race or gender. Defendant did not violate any of the Charging Party's rights or harm them in any way. To the contrary, Defendant at all times acted lawfully toward the Charging Parties.

### Eighth Defense

{J2047456.1}

All actions taken by Defendant with respect to the Charging Parties were made in good faith, without malice, ill-will or reckless indifference and were not willful or outrageous. Defendant had reasonable grounds for believing that its conduct did not violate any laws.

### *Ninth Defense*

The Charging Parties' own conduct caused or otherwise contributed to their termination of employment. The Charging Parties assumed the risk of their own conduct in this matter.

### *Tenth Defense*

The EEOC and the Charging Parties are not entitled to any of the relief prayed for in the Amended Complaint. There is no legal or factual basis for punitive and/or compensatory damages in this case. No willful violation of law or statute occurred. At all times, Defendant exhibited good faith efforts to comply with the relevant laws.

### *Eleventh Defense*

No employee, servant or agent of Defendant had at any time, actual, ostensible, or apparent authority or agency to discriminate against, harass, or retaliate against the Charging Parties or otherwise violate any law with respect to them.

### *Twelfth Defense*

To the extent that any employee of Defendant acted improperly or unlawfully, that employee was acting outside the scope of his or her employment with Defendant, was not acting in furtherance of the business of Defendant and was not actuated by a purpose to serve Defendant.

### *Thirteenth Defense*

Defendant would have taken the same actions and made the same decisions with respect to the Charging Parties' employment even in the absence of an alleged retaliatory motive.

{J2047456.1}

*Fourteenth Defense*

Upon information and belief, the Charging Parties have failed to mitigate their damages.

*Fifteenth Defense*

Actions taken or decisions made by Defendant concerning the Charging Parties were based upon legitimate, non-discriminatory reasons which were not pretextual.

*Sixteenth Defense*

The Charging Parties failed to take reasonable care to correct or to avoid the allegedly harassing behavior.

*Seventeenth Defense*

The Charging Parties failed to take advantage of the preventive/corrective opportunities provided by Defendant with respect to the allegedly harassing behavior.

*Eighteenth Defense*

Defendant is not a joint employer with Panhandle Cleaning and Restoration, and had no control over individuals at a Panhandle worksite which allegedly harassed the Charging Parties.

*Nineteenth Defense*

The claims may be foreclosed and/or damages limited and/or foreclosed by the after-acquired evidence doctrine.

WHEREFORE, Defendant requests that judgment be entered in its favor and against the U.S. Equal Employment Opportunity Commission, and that it be awarded attorneys' fees, costs and expenses incurred in defense of this action.

|  |  |
|---|---|
| Dated: January 26, 2016 | /s/ Lindsey C. Kennedy |
|  | Renee C. Mattei Myers |
|  | PA ID 73099 |
|  | Lindsey C. Kennedy |
|  | PA ID 318318 |

ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
Tel: 717.237.7163
Fax: 717.237.6019
rmyers/lkennedy@eckersteamans.com

*Counsel for Defendant*

{J2047456.1}

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2016, I electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Amended Complaint** with the Clerk of the Court using the CM/ECF System, which shall send notification of such filing to the following:

Lisa Hernandez
Deborah Kane
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA  15222
lisa.hernandez@eeoc.gov
deborah.kane@eeoc.gov


John E. Egers, Jr.
JULIAN LAW FIRM
71 North Main Street
Washington, PA 15301
johnegers@aol.com

                                            /s/ Lindsey C. Kennedy
                                            Lindsey C. Kennedy