JIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> CRYSTAL COLE and FETEMA JOHNSON, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> LABOR READY NORTHEAST, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:15-cv-01251-CRE |

# CONSENT DECREE

## THE LITIGATION

This action was instituted by the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") on September 25, 2015, against Labor Ready Mid-Atlantic, Inc., and amended on January 13, 2016, to name Labor Ready Northeast, Inc. ("Labor Ready" or "Defendant") as the proper defendant, to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. The EEOC alleged that Defendant subjected Plaintiff-Intervenors Crystal Cole and Fetema Johnson to a sexually and racially hostile work environment, and then discharged them in retaliation for complaining about the hostile work environment, in violation of Title VII.

1

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims stated in the Complaints filed by the EEOC and Plaintiff-Intervenors. This Decree does not constitute and shall not be construed as an admission by Defendant of, any violation of Title VII.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A. This Court has jurisdiction of the subject matter of this action and of the parties.

B. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The interests of the parties, including Plaintiff-Intervenors Cole and Johnson, and the public are adequately protected by this Decree.

C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## DEFINITIONS

A. As used in this Consent Decree, the term "employee" shall be construed in accordance with controlling Title VII case law defining the meaning of the terms "employee" and "employer." The term "employee" shall specifically include temporary workers, such as Cole and Johnson, that Labor Ready hires and then assigns to perform work for other persons or entities who are customers or clients of Labor Ready.

B. As used in subsequent paragraphs of this Consent Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence,

2

whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), or made by any means of communication, regarding potential harassment or discrimination committed against any Labor Ready employee, whether that employee is the complainant or not.

  C. As used in subsequent paragraphs of this Consent Decree, the term "Labor Ready" and "Defendant" shall refer to Labor Ready's Washington, PA office, and any corporate human resources personnel or managerial personnel with oversight or authority over personnel decisions at the Washington, PA office.

## INJUNCTION

  1. Labor Ready, its officers, agents, employees, successors, assigns and all persons acting in concert with it are hereby permanently enjoined from engaging in any employment practice that discriminates because of sex or race, including failure to take corrective action that is reasonably calculated to end any sexual or racial harassment to which its employees are being subjected at a customer or client work site and of which it has notice, and to otherwise protect its employees from such conduct.

  2. Labor Ready, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from engaging in any form of retaliation, coercion, intimidation, or interference against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted or refused to refrain from asserting any rights under this Decree. In this regard, Labor Ready shall specifically refrain from discharging or refusing to place for work assignments any employee who has made a complaint of sexual or racial harassment regarding a customer or client of Labor Ready.

## MONETARY RELIEF

3. Within fifteen (15) business days of entry of this Decree, Defendant shall pay $30,980.00 to Plaintiff-Intervenor Crystal Cole, of which $6,291.70 shall constitute back pay and $24,688.30 shall constitute compensatory damages for emotional distress and punitive damages. The amount constituting back pay shall be paid less all applicable federal, state and local payroll tax withholdings. Defendant shall deliver the required monetary payment in accordance with instructions that were provided by Plaintiff-Intervenor Cole prior to execution of this Decree. Copies of all checks shall be mailed to Lisa H. Hernandez, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222, within fifteen (15) days of the execution of this Decree.

4. Within fifteen (15) business days of entry of this Decree, Defendant shall pay $30,980.00 to Plaintiff-Intervenor Fetema Johnson, of which $6,044.76 shall constitute back pay and $24,935.24 shall constitute compensatory damages for emotional distress and punitive damages. The amount constituting back pay shall be paid less all applicable federal, state and local payroll tax withholdings.

5. At the conclusion of the calendar year in which payments are made to Cole and Johnson, Defendant shall promptly issue to each of them an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for any monetary relief amount constituting compensatory and punitive damages.

6. Defendant shall deliver the required monetary payment in accordance with instructions that were provided by Plaintiff-Intervenor Johnson, to be provided prior to execution of this Decree. Copies of all checks shall be mailed to Lisa H. Hernandez, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222, within fifteen (15) days of the execution of this Decree.

7. Within fifteen (15) business days of entry of this Decree, Defendant shall pay attorney's fees and costs incurred by the Plaintiff-Intervenors in the amount of $10,540.00. Such payment shall be made by single check directly to the Julian Law Firm, 71 N. Main Street, Washington, PA 15301. Defendant will mail a photocopy of the check to the EEOC, to the attention of Lisa H. Hernandez, Senior Trial Attorney, at the address identified in Paragraph 6, above, within fifteen (15) business days of the date of mailing of the check to the Julian Law Firm.

## RACIAL AND SEXUAL HARASSMENT POLICIES AND PROCEDURES

8. Labor Ready shall maintain an anti-discrimination policy that conforms to the requirements of Title VII.

9. The policy required by Paragraph 8, above, shall include at least the following content: (a) a description of the kind of conduct that constitutes racial and sexual harassment; (b) a discussion of the meaning of the phrase "hostile work environment"; (c) a statement to the effect that racial or sexual harassment or other discrimination will not be tolerated, whether perpetrated by a Labor Ready employee, an employee of a person or entity to which Labor Ready supplies temporary employees, or any customers or members of the public with whom Labor Ready employees interact during the course of their employment; (d) a discussion of the kind of retaliation prohibited under Title VII, including examples of retaliation; (e) a statement of the necessity of undertaking a prompt investigation after receiving a complaint of racial or sexual harassment, and that a failure to promptly investigate such complaints will result in disciplinary action against the branch manager and other management officials responsible for undertaking the investigation, up to and including discharge; (f) a requirement that decisions to terminate the employment of employees who have complained, either internally or externally, of racial or sexual harassment, must be reviewed and approved by a superior who shall be an officer or high-level management designee in the human resources department, or by Defendant's legal department; (g) a procedure

5

for local branch management personnel or other managers to seek assistance from corporate regarding complaints of racial or sexual harassment; and (h) a reasonable procedure for employees to complain of racial or sexual harassment, including the provision of a toll-free number and website for lodging such complaints, in addition to the option of complaining to local management, which shall be disseminated to employees not later than sixty (60) days after entry of this Decree by the Court.

10. Not later than ninety (90) days after entry of this Decree by the Court, Labor Ready shall provide not less than one (1) hour of training to human resources staff, local branch management, as well as any other personnel of Defendant with hiring and/or firing authority over the Washington, PA branch, regarding the policy required by Paragraphs 8 and 9, above.

## EEO INVESTIGATION PROCEDURES AND TRAINING

11. During the course of any investigation of potential or alleged sexual or racial harassment or discrimination by a customer/client, or a person who works for a customer/client, Defendant shall make reasonable efforts to seek to interview any employees of the customer/client who may possess relevant knowledge of the potential or alleged sexual or racial harassment or discrimination. When conducting its investigations, Defendant shall not delegate this function to the customer/client or any other outside person or entity, nor shall Defendant rely exclusively on information obtained from interviews of potential witnesses conducted by the customer/client without making reasonable efforts to conduct its own interviews of those same potential witnesses.

12. Defendant shall require that personnel conducting investigations of potential or alleged sexual or racial harassment or discrimination generate written investigation reports, including attaching any and all complaints, notes of interviews conducted during such investigations, and any other relevant evidence considered. A copy of each such report shall be

6

forwarded to Defendant's corporate headquarters human resources department promptly after completion of each investigation.

13. Defendant shall require its corporate headquarters human resources department to conduct a reasonably prompt audit of any investigations of sexual or racial harassment or discrimination for the purpose of determining if such investigations and any action, proposed action, inaction, or proposed non-action resulting from the investigations satisfy Defendant's legal obligations under Title VII as well as Defendant's own non-discriminatory policies and procedures. The audits shall be conducted by personnel with reasonable proficiency in Title VII matters, including but not limited to investigations of harassment and discrimination and determining appropriate corrective actions to be taken. Such audits shall include review of records and, where reasonably necessary after record review, discussion with Defendant's personnel conducting the investigation, the relevant workers and witnesses, and outside persons.

14. Defendant's policies and procedures related to harassment or discrimination made unlawful by Title VII shall state explicitly and prominently that all management and supervisory personnel of whatever rank have a duty under company policy to report any and all complaints or observations of potential or alleged harassment or discrimination directly to designated corporate human resources personnel, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge.

15. Defendant shall provide to all branch managers, human resources personnel, and any other personnel with authority to respond to complaints of racial or sexual harassment not less than four (4) hours of training regarding investigations of sexual or racial harassment and discrimination. This training shall be provided within thirty (30) days of entry of this Decree, and on the first day of work for all new hires in such positions thereafter. The training shall include at least the following matters:

(a) that information regarding past complaints, allegations or investigations of harassment or discrimination of a similar nature and involving the same individual then-being investigated must be considered highly relevant evidence in the pending investigation;

(b) that those Defendant personnel are required to research whether such past complaints or investigations exist by reviewing records available to them and by contacting the human resources and legal departments to inquire about the existence and details of any relevant prior complaints or investigations;

(c) that when selecting persons to interview in the course of an investigation no distinction is to be drawn between a customer/client employees and Defendant's own employees and that the customer/client's employees are to be interviewed when and to the same extent that a Defendant employee would be interviewed under similar circumstances;

(d) that Defendant's personnel are required to attempt to interview relevant customer/client employees rather than relying on interviews conducted by the customer/client;

(e) that former permanent employees or temporary workers no longer performing work for Defendant may be sources of highly relevant evidence and should be contacted when appropriate;

(f) techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and an absence of corroboration;

(g) the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

(h) the need to ensure that a customer/client undertake corrective action reasonably calculated to ending harassing conduct perpetrated by its employees against Defendant's employees and reasonably calculated to prevent future harassment against Defendant's employees;

the duty of the branch manager to report the customer/client's failure to take such corrective action; and the duty of the branch manager, when warranted by the failure of the customer/client to take such corrective action, to protect Defendant's employees from further harassment by removing from the customer/client's work assignment and reassign them to other customers/clients (granting preference/priority to those employees over other, non-harassed employees also eligible for the alternative assignment), to refuse to place any additional Defendant employees with the customer/client until such corrective action is taken by the customer/client and to expressly notify the customer/client of that decision, to inform the customer/client (in consultation with Defendant's counsel or legal department) that the customer/client is in breach of its contract/agreement with Defendant and demand that it cure the breach, and to refer the Defendant's employees subjected to harassment by the customer/client to the EEOC;

(i) post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees and explicitly asking such persons whether any harassment or discrimination of a type similar to that investigated is taking place;

(j) the need to monitor and audit any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation; and

(k) the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers.

## REPORTS TO BE SUBMITTED TO EEOC AND DOCUMENT RETENTION REQUIREMENTS

17. During the operation of this Decree, Labor Ready shall transmit reports to EEOC containing the following information: (a) the specific content of (i) any complaints of sexual or racial harassment made to Defendant through their employees, and (ii) any complaints involving allegations of retaliation following a complaint of sexual or racial harassment; (b) the date of the

9

complaint; (c) the full name, job title, and facility name and work address of the employee making the complaint; (d) the full names, job titles, and facility name and work address of any of Defendant's personnel who participated in the investigation of such complaint and/or any action taken pursuant to such complaint; (e) any findings and/or actions taken by Defendant's personnel in response to such complaint; (f) the date, if applicable, if and when the complaining employee(s) were discharged or resigned their employment, and the reason for discharge or resignation.

18. The reports required by Paragraph 17, above, shall be transmitted to EEOC not later than thirty (30) days after receipt of any complaints, with a second report for each complaint due no more than ten (10) days after Defendant takes final action regarding the complaint. All reports shall be transmitted to EEOC Senior Trial Attorney Lisa H. Hernandez at the address of EEOC's Pittsburgh Area Office provided in paragraph 6 above.

19. Additionally, during the operation of this Decree, Labor Ready shall retain all documents of any character related to any employee complaint of racial or sexual harassment by a customer /client (or person working for a customer/client), or retaliation after complaining of such harassment. Such documents include, but are not limited to, correspondence, notes, e-mail, memoranda, internal reports, written statements, charges of discrimination, internal complaint documents, witness statements, grievances, or any other material of any character. Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC counsel of record or their authorized designees.

## POSTING OF NOTICE

20. Within five (5) business days following entry of this Decree, Labor Ready shall post a copy of the Notice, attached hereto as Exhibit A, at its Washington, PA branch office. Defendant shall post this Notice on the bulletin boards usually used by it for communicating with employees and applicants. The Notices shall remain posted for three (3) years from the date of

entry of this Decree. Labor Ready shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notices have been properly posted. Labor Ready shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

21. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

22. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance, in writing.

23. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the violation.

24. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

25. In the event that the Commission, its agents and employees possess a reasonable suspicion that Defendant has violated any provision of this Decree, they shall have the legal authority to enter Defendant's facilities, with reasonable prior notice to Defendant and its counsel and obtain access to any and all documents for the purposes of inspection and duplication, conduct interviews or depositions of any persons, inspect any area within the facility, and perform any

other investigatory technique or procedure permitted by Title VII or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with any provision of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under the Title VII of the Civil Rights Act ("Title VII"), , the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, as amended ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

26. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraphs 21-25, above, remain unresolved, the duration of the Decree shall be automatically extended until final disposition of the dispute.

## MISCELLANEOUS PROVISIONS

27.  Subject to Paragraph 7, above, each party to this Decree shall bear its own expenses, attorney's fees and costs.

28.  The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any of its successor(s), shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

29.  If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

30.  When this Decree requires a certification by Labor Ready of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Labor Ready. When this Decree requires Labor Ready to submit reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Lisa H. Hernandez, Senior Trial Attorney, EEOC, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

31.  In the event that parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by joint motion, and such modifications shall not be effective unless approved by order of the Court.

**APPROVED BY:**

FOR LABOR READY:

_[signature]_

Eric C. de los Santos, Esquire
Associate General Counsel, True Blue, Inc.

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_Debra M. Lawrence/LHH_
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

_Ronald L. Phillips/LHH_
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

_Lisa H. Hernandez_
LISA H. HERNANDEZ
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 87634
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 395-5852
Fax: (412) 395-5749
Email: lisa.hernandez@eeoc.gov

IT IS SO ORDERED:

_Cynthia Reed Eddy_                    11/9/2016
HONORABLE CYNTHIA REED EDDY        DATE:
United States Magistrate Judge

**EXHIBIT A**



## NOTICE TO ALL LABOR READY NORTHEAST, INC. EMPLOYEES POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order in the matter of *EEOC, et al. v. Labor Ready Northeast, Inc.*, Civil Action No. 2:15-cv-01251 (U.S. District Court for the Western District of Pennsylvania), resolving, without decision, a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Labor Ready Northeast, Inc. ("Labor Ready" or "Defendant").

To resolve the case, Labor Ready and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Labor Ready is prohibited by federal court order and federal law from discriminating against employees because of sex or race;

2) Labor Ready is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;

3) Labor Ready will provide mandatory training to managers regarding sex and race discrimination and Labor Ready's policies prohibiting such discrimination; and

The EEOC enforces the federal laws against discrimination in employment on the basis of religion, disability, race, color, national origin, sex, pregnancy/childbirth/related medical conditions, genetic information, age, or in retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at *info@eeoc.gov*. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material.**

_____     _____
Date                                                      For: Labor Ready